UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

GLEN BOWMAN,

                Plaintiff,

-against-

R. RUCHALSKI, Correction Officer; DANIEL J. MINICH, Correction Officer; JOSHUA J. MAHONEY, Correction Officer; NICHOLAS J. PIECHOWICZ, Correction Officer; VINCENT J. SCARELLA, Correction Officer; NICHOLAS C. ELLIOT, Correction Officer; RICHARD L. SCARELLA, Correction Officer; RICHARD A. PILARSKI, JR., Correction Officer; TERENCE LOGAN CRAIG, Correction Officer; R. BELL, Sergeant, and John Does 1-10, all individuals sued in their individual capacities,

                Defendants.

**COMPLAINT AND JURY DEMAND**

Plaintiff GLEN BOWMAN, for his complaint, alleges, upon personal knowledge as to himself and information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

1. This is a civil rights action in which Plaintiff seeks relief for the violation of his rights secured by 42 U.S.C. §1983 and the Eighth and Fourteenth Amendments to the United States Constitution.

2. On October 24, 2021, while Plaintiff was in custody of the New York State Department of Corrections and Community Supervision ("DOCCS") at the Attica Correctional Facility ("Attica CF"), several correction officers, acting under color of state law, intentionally and willfully subjected Plaintiff to, *inter alia*, use of excessive force, false charges and a cover-up conspiracy.

3. Plaintiff files this civil rights action against all defendant officers who assaulted him and failed to intervene the assault.

4. Plaintiff seeks damages pursuant to 42 U.S.C. § 1983 for violation of his rights under the Eighth and Fourteenth Amendments of the United States Constitution.

## JURISDICTION

5. This action is brought pursuant to 42 U.S.C. §1983 and the Eighth and Fourteenth Amendments to the United States Constitution.

6. Jurisdiction of this Court is invoked under 28 U.S.C. §1331.

7. The amount in controversy herein, excluding interest and costs, exceeds the minimum jurisdictional limit of this Court.

## VENUE

8. Venue in the Western District of New York is proper pursuant to 28 U.S.C. §1391, as Plaintiff was confined at Attica CF and the claim arose in the Western District of New York.

## PARTIES

9. Plaintiff GLEN BOWMAN resides in Orleans County, New York.

10. Defendant R. RUCHALSKI was at all relevant times a Correction Officer at Attica CF, and as such, was responsible for the safety and security of the incarcerated individuals confined therein, including Mr. BOWMAN.

11. Defendant DANIEL J. MINICH was at all relevant times a Correction Officer at Attica CF, and as such, was responsible for the safety and security of the incarcerated individuals confined therein, including Mr. BOWMAN.

12. Defendant JOSHUA J. MAHONEY was at all relevant times a Correction Officer at Attica CF, and as such was responsible for the safety and security of the incarcerated individuals confined therein, including Mr. BOWMAN.

13. Defendant NICHOLAS J. PIECHOWICZ was at all relevant times a Correction Officer at Attica CF, and as such was responsible for the safety and security of the incarcerated individuals confined therein, including Mr. BOWMAN.

14. Defendant, VINCENT J. SCARELLA, was at all relevant times a Correctional Nurse at Attica CF, and as such, she was responsible for the provision of nursing care to incarcerated individuals confined there, including Mr. BOWMAN.

15. Defendant NICHOLAS C. ELLIOT was at all relevant times a Sergeant at Attica CF, and as such was responsible for the safety and security of the incarcerated individuals confined therein, including Mr. BOWMAN.

16. Defendant, RICHARD L. SCARELLA, was at all relevant times a Correctional Nurse at Attica CF, and as such, she was responsible for the provision of nursing care to incarcerated individuals confined there, including Mr. BOWMAN.

17. Defendant RICHARD A. PILARSKI, JR., was at all relevant times a Correction Officer at Attica CF, and as such were responsible for the safety and security of the incarcerated individuals confined therein, including Mr. BOWMAN.

18. Defendant TERENCE LOGAN CRAIG was at all relevant times a Correction Officer at Attica CF, and as such were responsible for the safety and security of the incarcerated individuals confined therein, including Mr. BOWMAN.

19. Defendant R. BELL was at all relevant times a Sergeant at Attica CF, and as such were responsible for the safety and security of the incarcerated individuals confined therein, including Mr. BOWMAN.

20. At all times here mentioned Defendants were state actors acting under color of state laws, statutes, ordinances, regulations, policies, customs, and usages of the State of New York.

## FACTUAL AND GENERAL ALLEGATIONS

### I. Defendants Brutally Attacked Glen Bowman for Failing to Standup for Count

21. On or about October 24, 2021, at Attica CF, GLEN BOWMAN was physically assaulted by correctional officers, and sexually assaulted by one or more officers causing him to sustain injuries to his face, shoulder, collarbone, shins, ankles, as well as rectal trauma and permanent scarring to his body.

22. On or about October 24, 2021, at approximately 9:52 p.m., Mr. BOWMAN was inside his cell lying down on his bed while Officer RUCHALSKI conducted the final prisoner count for the night.

23. Mr. BOWMAN who was mourning the loss of his sister-in-law who had recently passed away a week prior, did not stand up from his bed to be counted.

24. Shortly thereafter, Mr. BOWMAN's cell door opened and two officers entered the cell.

25. Officer RUCHALSKI grabbed Mr. BOWMAN's by the throat and tried to choke him and then forcefully grabbed Mr. BOWMAN's genitals.

26. Shortly thereafter approximately eight (8) correction officers came inside the cell.

27. Based on information and belief, these eight correction officers are Defendants MINICH, MAHONEY, PIECHOWICZ, V. SCARELLA, ELLIOT, R. SCARELLA, PILARSKI, CRAIG and BELL, the named defendants in this lawsuit.

28. Mr. BOWMAN pulled away and tried to defend himself by curling up in the fetal position to protect his face.

29. Mr. BOWMAN then felt someone's hands around his neck again and he lost consciousness.

30. When Mr. BOWMAN regained consciousness, he was inside the facility hospital and felt intense pain in his right shoulder, collar bone, lower back and wrists, and saw deep cuts in his ankles and shins.

31. Defendants falsely accused Mr. BOWMAN of violent conduct and creating a disturbance, among other charges, and placed him in solitary confinement for 90 (ninety) days.

32. These charges were levied against Mr. BOWMAN solely to provide cover for the brutal assault on him by Defendants.

**II.** **Prison Officials Attempt to Conceal Glen Bowman's Injuries**

33. Several days after the incident, on November 3, 2021, Mr. BOWMAN spoke with the Deputy of PREA (Prison Rape Elimination Act) who interviewed Mr. BOWMAN regarding the incident.

34. An hour later, Sgt. Nowicki interviewed Mr. BOWMAN who informed him that Mr. Bowman had sustained injuries to his rectum during the assault and needed a medical examination.

35. Sgt. Rodriguez along with two other officers escorted Mr. BOWMAN to the facility hospital for the medical examination.

36. Sgt. Rodriguez asked Mr. BOWMAN about the assault and expressed disbelief, stating "it was hard to believe" his story.

37. When Mr. BOWMAN asked the doctor at the facility hospital to photograph and exam his injuries, the doctor deferred this decision to Sgt. Rodriguez who denied the request.

38. Prison officials never photographed Mr. BOWMAN's injuries in violation of prison directives involving the use of force and PREA guidelines.

**FIRST CAUSE OF ACTION**
42 U.S.C. §1983 – Eighth Amendment
**Excessive Force**
(Against Defendant RUCHALSKI and JOHN DOES 1-10)

39. Mr. BOWMAN hereby incorporates by reference all of the foregoing paragraphs.

40. Defendants RUCHALSKI and JOHN DOES 1-10's assault upon Mr. BOWMAN on October 24, 2021, was unauthorized, unlawful, and applied maliciously and sadistically to cause Mr. BOWMAN physical injury.

41. Defendant RUCHALSKI and JOHN DOES 1-10's assault upon Mr. BOWMAN on October 24, 2021, occurred in the presence of Defendants MINICH, MAHONEY, PIECHOWICZ, V. SCARELLA, ELLIOT, R. SCARELLA, PILARSKI, CRAIG and BELL and DOES 1-10. Each of these Defendants wantonly, recklessly, and with depraved indifference to human life (i) failed to aid Mr. BOWMAN and/or (ii) stop the assaulting officer(s) from assaulting Mr. BOWMAN, and/or (iii) otherwise intervene on his behalf.

42. Defendants RUCHALSKI and JOHN DOES 1-10's assault upon Mr. BOWMAN, and Defendants MINICH, MAHONEY, PIECHOWICZ, V. SCARELLA, ELLIOT, R. SCARELLA, PILARSKI, CRAIG AND BELL and DOES 1-10 failure to protect Mr.

6

BOWMAN, inflicted cruel and unusual punishment against Mr. BOWMAN in violation of his rights under the Eighth Amendment to the United States Constitution.

43. Because of Defendants' violation of Mr. BOWMAN's constitutional rights, Mr. BOWMAN suffered severe pain, emotional injury, and permanent and physical damage to his face and body. Accordingly, Mr. BOWMAN is entitled to compensatory and punitive damages against Defendants MINICH, MAHONEY, PIECHOWICZ, V. SCARELLA, ELLIOT, R. SCARELLA, PILARSKI, CRAIG AND BELL and JOHN DOES 1-10, jointly and severally.

**SECOND CAUSE OF ACTION**
42 U.S.C. §1983 – Eighth Amendment
**Failure To Intervene**
(Against All Defendants)

44. Mr. BOWMAN hereby incorporates by reference all of the foregoing paragraphs.

45. Commencing on October 24, 2021, Defendants MINICH, MAHONEY, PIECHOWICZ, V. SCARELLA, ELLIOT, R. SCARELLA, PILARSKI, CRAIG, BELL and DOES 1-10, knew and understood Mr. BOWMAN was being subjected to deprivation of his constitutional rights and were in a position and had the duty and authority to intervene to prevent the wrongdoing committed against Mr. BOWMAN by Defendants.

46. Defendants RUCHALSKI and JOHN DOES 1-10 acted in joint concert in Mr. BOWMAN's assault.

47. Alternatively, one or more of the named defendants stood idly by and failed to come to Mr. BOWMAN's aid while other officers attacked Mr. BOWMAN, as stated more fully throughout the complaint.

48. By virtue of the foregoing, Defendants, violated 42 U.S.C. § 1983.

49. As a direct and proximate result of the foregoing, Mr. BOWMAN has been damaged as recited above and demands and is entitled to the damages recited in the First Cause of Action, including, but not limited to, general and punitive damages and attorneys' fees.

### THIRD CAUSE OF AION
42 U.S.C. §1983 – Eighth Amendment
**Sexual Assault**
(Against Defendant RUCHALSKI and JOHN DOES 1-10)

50. Mr. BOWMAN hereby incorporates by reference all of the foregoing paragraphs.

51. At all relevant times, Defendants were acting under color of state law, statutes, ordinances, rules, regulations, customs and usages of the State of New York.

52. Plaintiff has a constitutionally protected under the Eighth Amendment of the Constitution of the United States to be free from cruel and unusual punishment.

53. As set forth above, Defendants RUCHALSKI forcibly grabbed Mr. BOWMAN's genitals to inflict pain and physically subjugate Mr. BOWMAN inside his cell.

54. This assault on Plaintiff served no legitimate penological purpose.

55. Defendant RUCHALSKI'S sexual assault of Plaintiff was done with the subjective intent to gratify Ruchalski's sexual desire or humiliate Plaintiff.

56. RUCHALSKI'S sexual assault of Plaintiff was the direct and proximate case of his damages, including physical pain, severe emotional distress, humiliation, fear, anxiety, frustration and psychological trauma.

57. As also set forth above, Defendant(s) JOHN DOES 1-10, forcibly caused Mr. BOWMAN to sustain trauma to his rectum.

58. This assault on Plaintiff served no legitimate penological purpose.

59. Defendant(s) JOHN DOES 1-10's sexual assault of Plaintiff was done with the subjective intent to gratify his or their sexual desire or humiliate Plaintiff.

60. Defendant(s) JOHN DOES 1-10's sexual assault of Plaintiff was the direct and proximate case of his damages, including physical pain, severe emotional distress, humiliation, fear, anxiety, frustration and psychological trauma.

## **RELIEF**

WHEREFORE, Plaintiff respectfully requests the following relief against each and every Defendant herein, jointly and severally:

A. Issue a declaratory judgment stating that:
   a. The physical abuse of the Plaintiff by Defendants RUCHALSKI and JOHN DOES 1-10 violated the Plaintiff's rights under the Eighth Amendment of the United States Constitution and constituted an assault and battery under state law.
   b. Defendants MINICH, MAHONEY, PIECHOWICZ, V. SCARELLA, ELLIOT, R. SCARELLA, PILARSKI, CRAIG, BELL and DOES 1-10's failure to take action to curb the physical abuse of Plaintiff violated Plaintiff's rights under the Eighth Amendment to the United States Constitution and constituted an assault and battery under state law.
B. Compensatory damages in an amount according to proof, which is fair, just, and reasonable;
C. Punitive damages under 42 U.S.C. § 1983, federal law, and New York law, in an amount according to proof and which is fair, just, and reasonable against all;

D. All other damages, penalties, costs, interest, and attorneys' fees as allowed by 42 U.S.C. §§ 1983 and 1988; and as otherwise may be allowed by New York and/or federal law;

E. Granting such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby respectfully demands a jury trial in this action, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED:  New York, New YorkARANDA LAW FIRM, PLLC
October 23, 2024

/s/
_____
By:  Sofia Aranda
*Attorney for Plaintiff*
11 Broadway, Suite 615
New York, NY 10004
sofia@sofiaarandalaw.com
(646) 217-4777